IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HAJJI MCREYNOLDS-EL,

          Petitioner,                                ORDER

  v.

                                                        21-cv-117-wmc

RON CRAMER, Sheriff,
Eau Claire County,

          Respondent.

Hajji McReynolds-El has applied for federal habeas corpus relief from his July 2015 conviction in Eau Claire County Case 14 CF 872 for manufacture/delivery of cocaine. (Petition (dkt. #1).) His petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, this court must dismiss the petition if "it plainly appears from the petition and its attached exhibits that the petitioner is not entitled to relief in the district court," or, if the petition is not dismissed, order the respondent to answer or otherwise respond.

Attachments to the petition show that on June 15, 2020, the Wisconsin Court of Appeals granted McReynolds-El leave to file a motion for postconviction relief, which he filed, by counsel, on August 4, 2020. (Postconviction Mot. (dkt. #1-2).) On November 19, 2020, the circuit court judge entered a scheduling order direct the state to respond to the postconviction motion not later than March 12, 2021. (Scheduling Ord. (dkt. #1-3).) Thus, petitioner's motion for postconviction relief is currently pending in Eau Claire County Circuit Court.

Out of respect for the finality of state convictions and state courts' ability to address

alleged deprivations of federal rights, federal courts generally will not interfere in state court proceedings until a state prisoner has exhausted all the state court remedies available to him. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1). Although a federal court may excuse the exhaustion requirement if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant," *see* § 2254(b)(1)(B), neither circumstance exists in this case. McReynolds-El has been granted the opportunity to pursue a belated postconviction motion and appeal from his conviction, and the Wisconsin courts are well-equipped to adjudicate whatever claims – constitutional or otherwise – he might raise. Although McReynolds-El claims repeatedly in his petition that the Wisconsin courts lack subject matter jurisdiction, this appears to be based on nothing but his own dissatisfaction with the state court proceedings. Certainly, nothing alleged in the petition suggests that the Wisconsin courts lack adequate or effective procedures for adjudicating McReynolds-El's claims. Accordingly, McReynolds-El must complete that process – including presenting his claims all the way to the Wisconsin Supreme Court – before seeking relief from this federal court.

ORDER

IT IS ORDERED that Hajji McReynolds-El's petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his state court remedies.

Entered this 24th day of February, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge