IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HAJJI MCREYNOLDS-EL,

          Petitioner,                        ORDER

    v.

                                                                21-cv-117-wmc

RON CRAMER, Sheriff,
Eau Claire County,

          Respondent.

---

    Hajji McReynolds-El has moved for reconsideration of the court's February 25, 2021 order, in which the court dismissed McReynolds-El's habeas corpus petition after finding that he had failed to exhaust his state court remedies. (2/25/21 Order (dkt. #2).) Petitioner argues that he should be excused from the exhaustion requirement under 28 U.S.C. § 2254(b)(1)(B)(ii), which allows a federal court to consider unexhausted claims if "circumstances exist that render [State corrective] process ineffective to protect the rights of the applicant." According to petitioner, the state courts of Wisconsin "lack subject matter jurisdiction" over him because the trial court denied him his right to represent himself at trial and was biased against him. Even accepting that such errors might be of constitutional magnitude, however, petitioner is simply incorrect that such errors result in a loss of "jurisdiction." Subject matter jurisdiction is established by the Wisconsin Constitution and "refers to the power of a court to decide certain types of actions." *City of Eau Claire v. Booth*, 2016 WI 65, ¶ 7, 370 Wis. 2d 595, 601, 882 N.W.2d 738, 741 (citation omitted). A court does not lose that power merely because it or a lower court might have committed an error – even a constitutional one – during the proceedings.

Nothing in petitioner's motion suggests that Wisconsin's postconviction motion procedure is ineffective to correct such errors and protect his rights. As this court previously explained, petitioner must exhaust that process before filing a habeas petition in this court.

Because nothing in petitioner's motion suggests that this court made any manifest errors of law or fact in dismissing his petition, his motion for reconsideration must be denied.

ORDER

IT IS ORDERED that Hajji McReynolds-El's motion for reconsideration (dkt. #7) is DENIED.

Entered this 17th day of March, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge